PER CURIAM.
Petitioner seeks review of a judgment of conviction based upon a jury verdict finding him guilty of first degree murder with a recommendation of mercy.
Petitioner challenges the sufficiency of the evidence to establish the essential element of premeditation. Although the evidence adduced for the purpose of proving the fact of premeditation is circumstantial, there is sufficient competent evidence in the record from which the jury might lawfully have inferred beyond a reasonable doubt that petitioner shot the deceased with the premeditated design to effect her death.[1]
Secondly, petitioner contends that the manifest weight of the evidence establishes that either he was so intoxicated at the time of the homicide that he could not have entertained any intent to commit the offense for which he has been convicted, or that he was legally insane at the time of the murder and therefore not responsible for his act. Both the lay and expert testimony on these points of contention are in irreconcilable conflict. The record reveals competent evidence, which, if believed, would be sufficient to support the' jury’s finding beyond a reasonable doubt that petitioner was sane at the time he committed the crime with which he was charged, and was not so intoxicated that he did not know the nature and consequences pf.the act he was about to commit.
The last point urged by petitioner has been carefully considered, but found to be without substantial merit.
In our review of the issues presented for decision we have given due consideration to the applicable principle that a judgment of the trial court reaches this court clothed with a presumption of correctness. It is not our province to substitute our judgment for that of the trier of *857 the facts. These findings will not he disturbed in the absence of a clear showing that the trial court committed error or that the evidence demonstrates that the conclusions reached are erroneous.[2] The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and RAWLS, JJ., concur.

. Larry v. State (Fla.1958), 104 So.2d 352.

. Parrish v. State (Fla.App.1957), 97 So.2d 356.