PER CURIAM.
To a charge of murder in the first degree defendant, David Dwayne Turner, interposed a plea of not guilty by reason of insanity. He was duly tried, convicted and sentenced to prison for life. This appeal is from the verdict and sentence.
Six psychiatrists testified in the cause evenly divided between the State and defense. Each of the State’s witnesses testified that defendant was sane at the time the offense was committed. Each of the defense witnesses testified the defendant was insane at the time. The jury, weighing such question along with the other evidence in the cause, including the testimony of defendant, concluded the defendant was sane and, there being no other defense offered, found him guilty as charged. In our examination of the record we find ample evidence to support the verdict.
The defendant attacks the M’Nagh-ten test for insanity which has long been the law of this State. The trial judge correctly charged the jury on the subject using the Standard Jury Instruction which embraces the requirements of the M’Nagh-ten Rule. It is noted such instruction was given with the approval of defense counsel. This “right or wrong” test has been consistently followed by the Supreme Court in the face of numerous attacks. As late as 1973 that Court once again upheld it. Anderson v. State, 276 So.2d 17 (Fla.1973). We are bound by that decision. See Gilliam v. Stewart, Supreme Court, 291 So.2d 593, opinion filed January 10, 1974, rehearing denied April 9, 1974.
 Defendánt also argues here that the State failed to prove the essential element of premeditation. We find no merit in this contention. While the evidence here was largely circumstantial, it is sufficient and competent to prove beyond a reasonable doubt that the defendant shot the deceased with a premeditated *642 design to effect her death. McDaniel v. Wainwright, 226 So.2d 856 (Fla.App.1st 1969).
The defendant also complains of the state attorney’s constant reference throughout the trial to the testimony of the “court appointed” or “state appointed” psychiatrists. “Apparently,” so the defendant says, “this was to show the jury that the State’s psychiatrists would not be influenced, as would the appellant’s [defendant’s] psychiatrists by the lure of later examinations.” Our examination of this large record does not leave the impression that such reference was in anywise for the purpose of giving undue weight to their credibility, but was primarily for the purpose of identifying them. This must also have been the reaction, at the time the statements were made, of defense counsel for nowhere do we find any objection in the record.
Finally, defendant charges that “the constant actions of the trial court deprived the appellant of a fair trial and the full and effective assistance of counsel guaranteed to him by our Constitution.” The trial judge very properly ran the trial of this cause. And, we think he very properly stopped counsel on both sides when they repeatedly plowed over the same ground. The record does not support the charges of unfairness by the trial judge, and those incidents specifically related in appellant’s brief, singly, or cumulatively do not demonstrate any bias or prejudice to one side or the other.
The other points raised and discussed under the 34 assignments of error have been duly considered. We find them to be without merit.
Affirmed.
BOYER, Acting C. J., McCORD, J., and DREW (Ret.), Associate Judge, concur.