PER CURIAM.
We affirm the judgment against appellant for sexual battery of a child under the age of eleven years, finding his two substantive points to be without merit. First, the trial court did not err in failing to grant a mistrial simply because two of the potential jury members stated in voir dire that they had been rape victims. Stevens v. State, 251 So.2d 565 (Fla. 1st DCA 1971). Second, the court did not err in restricting certain discovery and cross-examination of the victim because there was no showing that the excluded matter had any relevance to the disputed issues in the trial or to the victim’s credibility. Contrast Jenkins v. State, 349 So.2d 1191 (Fla. 4th DCA 1977); Lombardi v. State, 358 So.2d 220 (Fla. 1st DCA 1978).
There was error, however, in the court’s failure to specify appellant’s jail-time credit in the sentence. Randall v. State, 352 So.2d 566 (Fla. 2d DCA 1977). Accordingly, we remand for that correction but appellant need not be present at that time.
ROBERT P. SMITH, Jr., Acting C. J., and ERVIN and LARRY G. SMITH, JJ., concur.