566 So.2d 1388 (1990)
Jose PULIDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2238.
District Court of Appeal of Florida, Third District.
September 25, 1990.
Bennett H. Brummer, Public Defender, and Joan Friedland, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
This is an appeal by the defendant Jose Pulido from judgments of conviction and sentences for (a) three counts of sexual battery, (b) one count of attempted sexual battery, (c) one count of lewd and lascivious assault, and (d) three counts of battery, which were entered below upon an *1389 adverse jury verdict. We affirm in part and reverse in part.
First, we have no trouble in rejecting two of the defendant's four points on appeal. The trial court plainly did not commit any error (a) in permitting various police witnesses to refer to the complaining witness in this case as the "victim," inasmuch as such reference did not, as urged, constitute a vouching for the credibility of said complainant, see Turner v. State, 297 So.2d 640 (Fla. 1st DCA 1974); cf. Tingle v. State, 536 So.2d 202 (Fla. 1988) (witness testified as to whether victim was telling the truth); Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989) (same), and (b) in precluding the defendant from cross examining the complaining witness as to acts of violence committed against said witness by her boy friend five months after the charged sexual assaults, inasmuch as no showing was made below as to how such evidence was relevant to this case, see Medina v. State, 466 So.2d 1046, 1050 (Fla. 1985); Washington v. State, 432 So.2d 44, 47 (Fla. 1983); Boshears v. State, 371 So.2d 725 (Fla. 1st DCA 1979).
Second, we have had some pause with the trial court's ruling allowing the complainant to testify that she "lost" her baby; she had previously testified that she was pregnant at the time of the charged sexual assaults. However, as defense counsel correctly noted at trial, "the victim testified she lost the baby, not that the baby was lost by this assault." (T. 271) This being so, we think any error in admitting the above evidence was entirely harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Smith v. State, 424 So.2d 726 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983).
Finally, we conclude that the three sexual battery convictions, the attempted sexual battery conviction, the lewd and lascivious assault conviction, and the two battery convictions for choking and slapping the victim were all based on separate criminal acts, and, consequently, these convictions were properly entered below. Andrews v. State, 533 So.2d 841 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 1332 (Fla. 1989); Hipp v. State, 509 So.2d 1208 (Fla. 4th DCA 1987); Grunzel v. State, 484 So.2d 97 (Fla. 1st DCA 1986); Duke v. State, 444 So.2d 492 (Fla. 2d DCA), approved, 456 So.2d 893 (Fla. 1984). The battery conviction for biting the victim, however, cannot stand because it was based on an act which was part and parcel of the "physical force and violence not likely to cause serious personal injury," § 794.011(5), Fla. Stat. (1987), which the defendant employed when committing one of the sexual batteries, and, accordingly, may not be separately punished apart from the aforesaid battery conviction. Compare Hufham v. State, 400 So.2d 133 (Fla. 5th DCA 1981); Cotton v. State, 395 So.2d 1287, 1290 (Fla. 1st DCA 1981).
The final judgment of conviction and sentence for battery for biting the victim is, therefore, reversed, and the cause is remanded to the trial court with directions to discharge the defendant from said charge. The final judgments of conviction and sentences for three counts of sexual battery, one count of lewd and lascivious assault, one count of attempted sexual battery, and the remaining counts of battery are affirmed.
Affirmed; reversed in part and remanded.