650 So.2d 631 (1995)
Gregory BULLARD, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1144.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
As Corrected on Denial of Rehearing and/or Clarification February 23, 1995.
*632 Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sharon A. Wood, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
Gregory Bullard appeals his conviction and sentence for first degree felony murder and attempted robbery with a firearm. We affirm the conviction, but find that Bullard's point I on appeal requires some additional discussion.
As point I on appeal, Bullard argued that the trial court erred in denying his request for the appointment of an expert on police thought control and coercion. Bullard asserted that he needed this expert to testify that the threat of death in the electric chair is sufficient to overcome the voluntariness of a confession. Without this expert, Bullard contended that he was being denied a defense to the charges against him.
We hold that the trial court did not abuse its discretion by failing to appoint the requested expert. There were no facts other than Bullard's testimony to support any police misconduct, or threats of any kind. In addition, the testimony of other witnesses and Bullard's codefendants actually supports the truthfulness of what Bullard contends was a "false" confession. Further, no expert was required at bar since it is safe to say that the jury was capable of assessing without the aid of an expert witness that the threat of death in the electric chair may have a coercive effect on whether a suspect gives an in-custody statement. See Johnson v. State, 393 So.2d 1069, 1072 (Fla. 1980), cert. denied, 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981) (expert testimony should be excluded when the facts testified to are of such a nature as to not require any special knowledge or expertise in order for the judge or jury to form conclusions).
Our determination that the trial court correctly denied the appointment of an expert at bar, does not in any way lessen the trial court's duty to appoint an expert witness when required by an indigent defendant, and when that expert's opinion is relevant to the issues of the case. Fla. Stat. § 914.06 (1993). We also fully acknowledge that an indigent defendant requires more than mere access to the courts, but also requires the necessary raw materials to build his defense. Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). However, an indigent defendant's right to the appointment of experts is not unfettered, and is obviously limited to those situations where the expert's testimony is relevant and necessary. To appoint an expert in a situation such as the one at bar, where there is no evidence of police coercion other than the defendant's unsupported assertion, and the defendant's allegedly false confession is consistent with the testimony of other witnesses *633 and codefendants, would clearly be stretching the bounds of when the court should appoint an expert. Accordingly, we affirm Bullard's' conviction.[1]
We do however, reverse and remand for resentencing, as the trial court used the wrong scoresheet. A category three (3) scoresheet should have been used, with attempted robbery with a firearm scored as the primary offense. See Rivas v. State, 554 So.2d 636 (Fla. 4th DCA 1989) (offense of capital sexual battery on a child was not subject to guideline sentence and could not be scored as primary offense and life felony on guideline scoresheet).
STEVENSON, J., concurs.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
I concur specially only to note that in my judgment it is doubtful that the defendant would be entitled to this expert even if there was inconsistent testimony by other witnesses or other evidence in support of a claim of coercion. In all other respects, I concur in the majority opinion.
NOTES
[1] We recognize that in State v. Sawyer, 561 So.2d 278 (Fla. 2d DCA 1990), the court discusses the trial court's having exercised its discretion to appoint a similar expert for the defendant. The facts in Sawyer, however, are distinguishable. Most importantly, the trial court in Sawyer having exercised its discretion in favor of appointing such an expert does not render it reversible error in the instant case to have denied such exercise of discretion.