700 So.2d 132 (1997)
Francisco BELTRAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0741.
District Court of Appeal of Florida, Fourth District.
October 8, 1997.
*133 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
WARNER, Judge.
We withdraw our previously issued opinion and substitute the following in its place.
This appeal arises from appellant's conviction for several crimes arising from the sexual battery of appellant's three-month old son. He raises two issues: first, that the trial court erred in refusing to permit an expert to testify at a suppression hearing regarding false confessions and the appellant's vulnerability to making one, and second, that his judgment and sentence for capital sexual battery, aggravated child abuse and attempted second degree murder violates double jeopardy. We hold that the trial court did not abuse its discretion in refusing to admit the testimony and that the convictions and sentences do not violate double jeopardy principles.
This was a terrible crime, and the infant was in danger of death from complications as a result of the attack. Appellant at first denied involvement but later confessed that he had experimented with anal sex with the infant. He later moved to suppress his confession, alleging that it was involuntary because he had been drinking heavily and using drugs the night before and had been questioned for hours. Appellant was examined by a neuropsychologist who testified that he was still intoxicated at the time of his confession. The expert also offered testimony that some people give false confessions. The trial court excluded the testimony but permitted appellant to make a proffer. It then denied the suppression motion.
The case proceeded to trial. Appellant did not testify or present any testimony, relying instead on an attack on the reliability of the confession because of appellant's alleged intoxication and on the suggestion that another person had the opportunity to commit the crime. The jury convicted appellant as charged: of sexual battery on a child under 12; of attempted second degree murder; and of aggravated child abuse.
The appellant contends that the trial court erred in refusing to consider his evidence regarding false confessions proffered at the suppression hearing. We question whether such testimony, which amounts to no more than an expert's assessment that the confession is involuntary, is ever admissible. Cf. Johnson v. State, 438 So.2d 774, 777 (Fla.1983); Bullard v. State, 650 So.2d 631, 632 (Fla. 4th DCA 1995). Nevertheless, even if such testimony might be admissible in some cases, we find that the trial court did not abuse its discretion in refusing to hear it in this case.
Relying on a study of college students showing the incidence of false "confessions" to "crashing" a computer by hitting the wrong key, the expert was prepared to testify that individuals under stress who are vulnerable and who are provided with misleading or incomplete information can confess to crimes or incidents which they did not commit. Based on the study, her search of information on the Internet about false confessions, and the allegedly misleading information appellant had been given about the condition of the infant, she had "no reason to trust [the appellant's] confession."
While appellant contends that the expert's testimony should have been admitted because she proffered an opinion as to the validity of false confessions, it was nowhere alleged in the motion to suppress or at the hearing that appellant's confession was indeed false. The appellant did not take the stand and declare such, nor was there evidence offered to show its falsity. We agree with the state that without appellant claiming that his confession was false, the proffered testimony was irrelevant and inapplicable to the evidence in the case.
The appellant cites to United States v. Hall, 93 F.3d 1337 (7th Cir.1996), for support *134 for the admission of the expert's testimony. In that case, the appellate court reversed for a new trial where the trial court had excluded proffered expert testimony regarding false confessions. However, the court noted that the expert's testimony in Hall included evidence which "would have let the jury know that a phenomenon known as false confessions exist, how to recognize it, and how to decide whether it fit the facts of the case being tried." Id. at 1345 (emphasis supplied). The expert's testimony in this case provided no methodology or factors for the trial court to rely on in determining whether appellant's confession was a false confession. We cannot understand how the trier of fact should relate a study of college students signing a confession about an act of negligence in hitting the wrong key on a computer to the determination of whether a confession to a capital sexual battery was false. We find no abuse of discretion in the trial court's refusal to admit such testimony.
We would reiterate that this opinion, with its comments concerning the "false confession" testimony, should not be construed as any approval of the admission of such evidence in any case.
With respect to his conviction and sentence, appellant also argues that his conviction for aggravated child abuse [1] and attempted second degree murder[2] violate double jeopardy in light of his conviction for capital sexual battery[3]. Section 775.021(4), Florida Statutes (1995), codifies the Blockburger test, Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
We think it is fairly obvious from the statutes that each of the offenses of which appellant was convicted contains an element that the others do not. See Bradham v. State, 657 So.2d 40 (Fla. 1st DCA 1995) (aggravated battery and sexual battery have disparate elements).
*135 The question raised by appellant is whether the various offenses are merely "degrees of the same offense as provided by statute" so as to come within the exception in section 775.021(4)(b)2 to the legislative intent to convict and sentence for each criminal offense committed in the course of one criminal episode.
In Sirmons v. State, 634 So.2d 153 (Fla. 1994), the court held that dual convictions arising from a single incident based on the same core offense violate the statutory exception. In his concurring opinion, Justice Kogan explained section 775.021(4)(b)2 as follows:
Florida's criminal code is full of offenses that are merely aggravated forms of certain core underlying offenses such as theft, battery, possession of contraband, or homicide. It seems entirely illogical, as I believe the legislature recognized, to impose multiple punishments when all of the offenses in question both arose from a single act and were distinguished from each other only by degree elements.
Sirmons, 634 So.2d at 155 (emphasis added). In the instant case, we do not consider "battery" and "sexual battery" as variants of the same core offense. Sexual battery arose from the common law crime of rape and appears to be its own category of core offense. Compare Askew v. State, 118 So.2d 219, 221-22 (Fla.1960) ("The common law crime of rape is composed of three essential elements: carnal knowledge, force, and the commission of the act without the consent or against the will of the female victim."; "The law makes the act of rape the crime and infers a criminal intent from the act itself.") with § 784.03(1), Fla. Stat. (1993) ("A person commits battery if he: (a) Actually and intentionally touches or strikes another person against the will of the other; or (b) Intentionally causes bodily harm to an individual."). Nor do we think that second degree murder is merely a degree of the core offense of battery. As Justice Kogan noted in Sirmons, homicide is its own core offense.
Since each of the crimes of which appellant was convicted and sentenced were not variants of the same core offense but each constituted its own core offense, we find no violation of section 775.021(4)(b)2. We therefore affirm appellant's convictions and sentence. We note, however, a scrivener's error in the final judgment, which erroneously lists the attempted second degree murder as a violation of section 794.011(2) (capital sexual battery) instead of section 782.04(2)(second degree murder). We remand to the trial court to correct this error in the judgment.
Affirmed but remanded to correct scrivener's error.
POLEN and GROSS, JJ., concur.
NOTES
[1] Section 827.03, Fla. Stat. (1993), provides in pertinent part:

(1) "Aggravated child abuse" is defined as one or more acts committed by a person who:
(a) Commits aggravated battery on a child;
(b) Willfully tortures a child;
(c) Maliciously punishes a child; or
(d) Willfully and unlawfully cages a child.
[2] Section 782.04, Fla. Stat. (1993), provides in pertinent part:

(2) The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree....
See also § 777.04(1), Fla. Stat. (1993) (attempt).
[3] Section 794.011, Fla. Stat. (1993), provides in pertinent part:

(1) As used in this chapter:
....
(h) "Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
....
(2)(a) A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony....