WARNER, C.J.
In challenging his convictions and sentences for sexual battery and simple battery as a lesser included offense of burglary with a battery, appellant raises two trial issues and challenges his dual convictions and sentences as a violation of double jeopardy. While we find no reversible error in the trial, we conclude that because there was one continuous offense in this case, and the battery was not separate from the sexual battery, double jeopardy prohibits the multiple convictions and punishments. See Pryor v. State, 755 So.2d 155 (Fla. 4th DCA 2000). In the instant case, while the state argues that the appellant pushed the victim to the bed, which could be classified as a battery, that act was an integral part of the sexual battery, since it prevented the victim from escaping and facilitated the subsequent act. Cf. Saavedra v. State, 576 So.2d 953 (Fla. 1st DCA 1991); Pulido v. State, 566 So.2d 1388, 1389 (Fla. 3d DCA 1990).
We therefore affirm the conviction and sentence for sexual battery and vacate the conviction and sentence for battery.
GROSS and HAZOURI, JJ., concur.