879 So.2d 38 (2004)
Lazaro HERRERA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-45.
District Court of Appeal of Florida, Fourth District.
June 23, 2004.
Rehearing Denied August 24, 2004.
*39 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Lazaro Herrera was charged by Information with sexual battery without the use of physical force and violence likely to cause serious personal injury (Count I) and false imprisonment (Count II). A jury trial was held and the jury found him guilty as charged on Count I, but found him guilty of battery, a lesser included offense, on Count II. Judgment was entered in accordance with the jury verdict and the defendant was sentenced to concurrent sentences. We affirm the conviction for sexual battery but reverse the conviction for simple battery and remand for resentencing.
The charges arise from an incident which occurred on July 28, 2001 involving the defendant's wife, Blanca Herrera (Mrs. Herrera), from whom he was separated at the time of the alleged assault. The case proceeded to trial, with the state asserting that the defendant coerced his wife into submitting to sexual intercourse, while the defendant contended that the sexual activity was not only consensual, but resulted from his estranged wife's suggestion.
Mrs. Herrera testified at trial that on July 28, 2001 the defendant came to her residence and asked her if she would come back to his house and read some papers for him because he does not read English very well. Mrs. Herrera agreed to go with him. She testified that after she got to his house, the defendant ordered her to take off her clothes and have sex with him. Mrs. Herrera further testified that she advised the defendant that she did not want to have sex but the defendant threatened that if she did not take off her clothes he would rip them off. Prior to being forced to have sexual intercourse with the defendant, he forced her to pose for nude photographs. Subsequent to engaging in sexual intercourse, Mrs. Herrera was forced to perform oral sex on the defendant. *40 Before being permitted to leave the defendant's house, the defendant threatened her and told her not to call the police. The next day Mrs. Herrera notified the City of Pembroke Pines Police Department of the assault. Detective Bonnie Robinson began an investigation and advised Mrs. Herrera to go to the Sexual Assault Treatment Center for Broward County.
When Mrs. Herrera arrived at the Broward County Sexual Assault Treatment Center, she was seen and examined by Sylvia Miller, a licensed advanced registered nurse practitioner. Miller testified that she took a history from Mrs. Herrera in order to assist her in conducting her physical examination and to assist in making a diagnosis. Miller testified that Mrs. Herrera told her that she was forced to have sex and forced to engage in oral sex at which time semen was sprayed in her face. Miller also testified that Mrs. Herrera told her that she was threatened that if she did not remove her clothes, they would be ripped off. In addition, Miller testified that Mrs. Herrera said that she was forced to pose for nude photographs.
Prior to Miller testifying concerning this history, defense counsel objected contending that these statements were inadmissible hearsay. The trial court overruled the objection stating that the testimony fell under section 90.803(4), Florida Statutes (2002), which provides the following exception to the hearsay rule:
Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment, or made by an individual who has knowledge of the facts and is legally responsible for the person who is unable to communicate the facts, which statements describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.
The defendant argues that Miller's testimony does not fall within section 90.803(4) because the examination was not done for the purpose of diagnosis or treatment, but rather for the purpose of finding physical evidence to corroborate Mrs. Herrera's allegations of sexual assault.
In Conley v. State, 620 So.2d 180 (Fla.1993), the supreme court held that an alleged victim's statement to a doctor that she had been sexually assaulted orally, vaginally, and anally were reasonably pertinent to the physician's diagnosis or treatment of the victim's wounds and therefore an exception to the hearsay rule pursuant to section 90.803(4). Id. at 184. However, the portion of the history that the sexual assault was done at gunpoint was inadmissible because it was not pertinent to the diagnosis or treatment. Id. Therefore, Mrs. Herrera's statement to Miller that she was forced to have sex and that semen was sprayed in her face is admissible as an exception to the hearsay rule pursuant to section 90.803(4). The state concedes that Mrs. Herrera's statement that she was threatened that if she did not remove her clothes that they would be ripped off and that nude pictures were taken of her are not relevant to medical diagnosis or treatment. The state, however, argues that the two inadmissible statements are harmless error as the nude pictures were introduced into evidence without objection and the threat of ripping Mrs. Herrera's clothes was not made a feature of the trial. We agree and conclude beyond a reasonable doubt that this error did not contribute to the verdict.
As the second point on appeal, the defendant argues that he was unfairly prejudiced by the investigating detective *41 Bonnie Robinson's testimony that while she conducted a search of the defendant's home, she retrieved a shotgun from the defendant's closet. Defense counsel made a contemporaneous objection which was sustained by the trial court and the jury was instructed to disregard the testimony. Defense counsel did not move for a mistrial at the time. However, at the close of the evidence, defense counsel moved for a mistrial in order to preserve the objection for appeal. The trial court denied the motion for mistrial. Defendant argues that the trial court abused its discretion in denying the motion for mistrial because the testimony was extremely prejudicial.
A motion for mistrial should be granted only when the error is so prejudicial as to vitiate the entire trial. See Miller v. State, 847 So.2d 1093, 1096 (Fla. 4th DCA 2003).
The state argues that the trial court's immediate curative instruction to the jury sufficiently cured any error. We agree. A similar issue was addressed by the Florida Supreme Court in Marek v. State, 492 So.2d 1055 (Fla.1986). In Marek, the defendant argued that the trial court erred in refusing to grant his motion for mistrial which was made after a police officer testified that he found a gun in the defendant's truck. Id. at 1057. The trial court sustained the defendant's objection and immediately gave a curative instruction. On appeal, the court held that the curative instruction was sufficient to cure any prejudicial effects and the trial court correctly denied the motion for mistrial. Id.
In the instant case, there were no allegations made that a shotgun played any part in the incident. In addition, the trial court gave a very clear curative instruction: "The objection is sustained. Folks, please disregard the last answer. It's not alleged that a firearm played any part in this incident." This testimony was not so prejudicial as to deny the defendant a fair trial and, therefore, the trial court did not abuse its discretion in denying the Motion for Mistrial.
In his third and final point on appeal, defendant asserts that fundamental error occurred when he was convicted of both sexual battery and simple battery. We agree.
The defendant was charged with one count of sexual battery and one count of false imprisonment. The jury found him guilty of sexual battery as charged, but found him guilty of simple battery (a lesser included offense) on the charge of false imprisonment. The defendant argues that double jeopardy prohibits the dual convictions of sexual battery and simple battery because they are based on the same acts. The Double Jeopardy Clause of article I, section 9 of the Florida Constitution protects criminal defendants from multiple convictions and punishments for the same offense. A violation of double jeopardy is a fundamental error which can be raised for the first time on appeal. See Tannihill v. State, 848 So.2d 442, 444 (Fla. 4th DCA 2003).
Under the case law, a defendant can be convicted of both sexual battery and battery. See Beltran v. State, 700 So.2d 132 (Fla. 4th DCA 1997).[1] However, if the battery is based on the same acts that form the basis for the sexual battery, double jeopardy prohibits dual convictions.
*42 In Garcia v. State, 769 So.2d 449 (Fla. 4th DCA 2000), the defendant challenged his convictions for sexual battery and simple battery as a lesser included offense of burglary with a battery on the basis that the dual convictions violated double jeopardy. The act establishing the claim of battery was testimony that the defendant pushed the victim to the bed. This court reasoned that the act was an integral part of the sexual battery, since it prevented the victim from escaping and facilitated the subsequent act. Therefore, this court found that because there was one continuous offense, and the battery was not separate from the sexual battery, double jeopardy prohibited the multiple convictions and punishment. This court affirmed the conviction and sentence for sexual battery, but vacated the conviction and sentence for battery.
In the instant case, the charge of false imprisonment was based on the allegation that the defendant threatened Mrs. Herrera in order to stop her from leaving. However, there was no testimony that the defendant intentionally or accidentally touched Mrs. Herrera against her will except for the touching that occurred during the sexual battery. Therefore, the acts constituting the battery were not separate from the acts constituting the sexual battery. We find Garcia controlling and vacate the conviction and sentence for battery.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESENTENCING.
WARNER and KLEIN, JJ., concur.
NOTES
[1] Each offense requires proof of an element that the other does not. Sexual battery requires a sexual attack, but regular battery does not. Likewise, regular battery requires evidence of bodily harm, but sexual battery does not. See § 794.011, Fla. Stat.; § 784.03, Fla. Stat.