WARNER, J.
We affirm appellant’s convictions and sentences for trafficking in hydrocodone and possession of cocaine. He raises three issues, none of which require reversal.
He alleges that the judge gave a confusing jury instruction which negated his affirmative defense. However, he failed to make a specific objection to the charge, and no fundamental error occurred. See Reed v. State, 837 So.2d 366, 370 (Fla. 2002). Further, he never requested a jury instruction on his affirmative defense.
Appellant also complains that a passing reference to a suppression hearing by a testifying detective was reversible error. Not only was the objection to this reference sustained, the court gave a curative instruction. The court then refused appellant’s motion for mistrial. “A mistrial should be declared only when the error is so prejudicial and fundamental that it denies the accused a fair trial. Even if the comment is objectionable, the proper procedure is to request a curative instruction from the trial judge that the jury disregard the remark.” Buenoano v. State, 527 So.2d 194, 198 (Fla.1988). See also Herrera v. State, 879 So.2d 38 (Fla. 4th DCA 2004) (holding that curative instruction was sufficient to cure any prejudicial effect of officer’s statement). We conclude that the comment did not deny the appellant a fair trial, and the trial court properly exercised its discretion.
Finally, appellant complains that the prosecutor’s closing argument was peppered with improper argument which constituted fundamental error. Having examined the challenged remarks, we conclude that in the context of the case none of *1171 them were improper, let alone fundamental error.
Affirmed.
GROSS and HAZOURI, JJ., concur.