PER CURIAM.
Michael Parton appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of Mr. Parton’s first, third, fourth and fifth claims without further elaboration. However, we conclude that Mr. Parton’s second claim, an alleged double jeopardy violation, merits further consideration.
After a jury trial, Mr. Parton was convicted of attempted sexual battery, false imprisonment and battery. The convictions were affirmed on appeal. See Parton v. State, 37 So.3d 871 (Fla. 5th DCA 2010). Mr. Parton then filed a rule 3.850 motion for postconviction relief. In his second claim, he contends that his convictions for both attempted sexual battery and simple battery violate double jeopardy principles because they are based on the same acts. Decisional law holds that a defendant can be convicted of both sexual battery and battery. See Herrera v. State, 879 So.2d 38 (Fla. 4th DCA 2004); Beltran v. State, 700 So.2d 132 (Fla. 4th DCA 1997). However, if the battery is based on the same acts that form the basis for the sexual battery, double jeopardy prohibits dual convictions. Herrera, 879 So.2d at 41.
Based on the limited record before us, it cannot be determined if the act that constituted the simple battery was the same act that constituted the attempted sexual battery. Accordingly, on remand, the trial court should either attach portions of the record that conclusively refute Mr. Par-ton’s claim or grant him an evidentiary hearing.
AFFIRMED in part; REVERSED in part; and REMANDED.
SAWAYA, ORFINGER and LAWSON, JJ., concur.