634 So.2d 157 (1994)
Alex D. GOODWIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 81274.
Supreme Court of Florida.
February 3, 1994.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen., Chief, Crim. Law, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We have for review Goodwin v. State, 610 So.2d 31 (Fla. 4th DCA 1992), which certified the following question of great public importance:
Whether a defendant can be convicted and sentenced for UBAL manslaughter and vehicular homicide arising out of one death?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. Based on our opinion in Sirmons v. State, 634 So.2d 153 (Fla. 1994), we find that the two offenses at issue here are aggravated forms of a single underlying offense distinguished only by degree factors. Multiple punishments thus are not allowed. Section 775.021(4)(b)2., Fla. Stat. (1989). See also Houser v. State, 474 So.2d 1193 (Fla. 1985).
For that reason, we answer the certified question in the negative, quash the decision below to the extent it is inconsistent with this opinion, and remand for further proceedings consistent with our views here and with Sirmons. We disapprove the opinion in Murphy v. State, 578 So.2d 410 (Fla. 4th DCA 1991), to the extent it is inconsistent with this opinion. We decline to address the other issues raised by the parties, which lie beyond the scope of the certified question.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, J., concurs with an opinion, in which SHAW and HARDING, JJ., concur.
GRIMES, Justice, concurring.
I dissented to our decision in Sirmons v. State, 634 So.2d 153 (Fla. 1994). However, I *158 believe that the Legislature could not have intended that a defendant could be convicted of two crimes of homicide for killing a single person.
SHAW and HARDING, JJ., concur.