634 So.2d 153 (1994)
Jessie SIRMONS, Petitioner,
v.
STATE of Florida, Respondent.
No. 80545.
Supreme Court of Florida.
February 3, 1994.
Rehearing Denied April 5, 1994.
James B. Gibson, Public Defender, and James R. Wulchak, Chief Appellate Div., Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We have for review Sirmons v. State, 603 So.2d 82 (Fla. 5th DCA 1992), based on express and direct conflict with our decisions in Johnson v. State, 597 So.2d 798 (Fla. 1992), and State v. Thompson, 607 So.2d 422 (Fla. 1992). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Jesse Sirmons was convicted of grand theft of an automobile[1] and robbery with a weapon.[2] The convictions arose from a single taking of an automobile at knife point. Sirmons now argues that because the offenses differ not in substance but only in degree, the dual convictions and sentences are improper.
The district court, relying on our pre-Carawan[3] decision of State v. Rodriquez, 500 So.2d 120 (Fla. 1986), and our post-Carawan decision of State v. Smith, 547 So.2d 613 (Fla. 1989), determined that the dual convictions were proper because each offense contains an element that the other does not. However, the district court expressed some doubt as to its holding in light of this Court's recent decision in Johnson.
In Johnson, the defendant had been convicted of grand theft of cash and grand theft of a firearm for the snatching of a purse that contained both money and a firearm. We determined that the dual convictions and sentences were improper because "the value of the goods or the taking of a firearm merely defines the degree" of the theft and does not result in two separate crimes. Johnson, 597 So.2d at 799. In other words, the dual convictions could not stand because each offense was simply an aggravated form of the underlying offense of theft, distinguished only by degree factors.
In a similar vein, we recently held in Thompson that a defendant cannot be convicted of both fraudulent sale of a counterfeit controlled substance and felony petit theft where both charges arose from the same fraudulent sale. Thompson, 607 So.2d at 422. We agreed with the Fifth District Court of Appeal that section 775.021(4)(b)2., *154 Florida Statutes (1989), bars the dual convictions because both fraudulent sale and felony petit theft are simply aggravated forms of the same underlying offense distinguished only by degree factors. Thompson v. State, 585 So.2d 492, 493-94 (Fla. 5th DCA 1991), approved & adopted by, State v. Thompson, 607 So.2d 422 (Fla. 1992).
In the present case, Sirmons was convicted of robbery with a weapon and grand theft of an automobile. As in Johnson and Thompson, these offenses are merely degree variants of the core offense of theft. The degree factors of force and use of a weapon aggravate the underlying theft offense to a first-degree felony robbery. Likewise, the fact that an automobile was taken enhances the core offense to grand theft. In sum, both offenses are aggravated forms of the same underlying offense distinguished only by degree factors. Thus, Sirmons' dual convictions based on the same core offense cannot stand.
Accordingly, we quash the decision below and remand for further proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON and McDONALD, JJ., concur.
KOGAN, J., concurs with an opinion, in which BARKETT, C.J., concurs.
GRIMES, J., dissents with an opinion, in which SHAW and HARDING, JJ., concur.
KOGAN, Justice, concurring.
I concur fully with the majority. I think it now is plain that the legislature's primary objection to our opinion in Carawan v. State, 515 So.2d 161 (Fla. 1987), abrogation recognized, State v. Smith, 547 So.2d 613 (Fla. 1989), was in our broad application of the rule of lenity through a "separate evils" analysis. In the place of Carawan, the legislature erected a four-tiered analysis that deserves some explication, because it obviously stops a good deal short of throwing Florida into what might be called a "strict Blockburger[4] approach to multiple punishments law.
The legislature has provided:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. [A.] For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
... .
Exceptions to this rule of construction are:
[B.] Offenses which require identical elements of proof.
[C.] Offenses which are degrees of the same offense as provided by statute.
[D.] Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Section 775.021(4), Fla. Stat. (1989). For purposes of parsing this statute, I have tagged the four key elements with the capital letters [A.] through [D.].
Element [A.] is simply a reiteration of the Blockburger rule. Under this rule, the Court may look only to the statutory elements of two or more offenses to see if each contains at least one element the others do not. If so, then each is presumed to be a separate offense, separately punishable. Thus, the first tier of the new multiple punishments analysis is the Blockburger test itself. But the courts do not stop with Blockburger. Quite the contrary, the courts then must examine each of the three remaining tiers of the analysis specified in the statute before deciding the multiple-punishments issue.
It is highly significant that the legislature did not stop merely with a reiteration of the Blockburger rule, but then proceeded to create three exceptions to it  the three additional tiers. As I noted in my concurrence to Cave v. State, 613 So.2d 454, 456-57 (Fla. *155 1993) (Kogan, J., concurring), our duty is to give effect to all language in a statute, and we must not presume that the legislature created an exception that is an exception to nothing unless there is no other reasonable construction. Courts always presume that the legislature  a body advised and informed by lawyers  adopted the particular wording of a statute advisedly and for a purpose. Lee v. Gulf Oil Corp., 148 Fla. 612, 4 So.2d 868 (1941). Thus, after applying Blockburger, the courts then look at each of the three remaining tiers of analysis  the exceptions.
The second tier of the analysis (Element [B.]) asks the courts to determine whether the offenses in question "require identical elements of proof." If so, then separate punishments are not permitted where the offenses arose from a single act. Section 775.021(4)(b)1., Fla. Stat. (1989). I think there is no other reasonable construction of this language than that it confronts the question of necessarily lesser included offenses. This construction renders the language quoted here somewhat redundant because, as we have recognized, the Blockburger test and the category of necessarily lesser included offenses define each other by mutual exclusion. State v. Weller, 590 So.2d 923 (Fla. 1991). However, the legislature did not have the benefit of our Weller opinion when it drafted the language quoted here. I thus think it reasonable to conclude that the legislature merely wanted to emphasize that the Blockburger test does not permit multiple punishments for necessarily lesser included offenses, a result the Constitution itself also would require. Art. I, § 9, Fla. Const.
The third tier of the analysis (Element [C.]), which is critical to the present case, provides that multiple punishments for the same act are not permitted if the offenses in question "are degrees of the same offense as provided by statute." Section 775.021(4)(b)2., Fla. Stat. (1989). I think the construction placed on this language by the majority and the cases upon which the majority relies is the only correct one. Florida's criminal code is full of offenses that are merely aggravated forms of certain core underlying offenses such as theft, battery, possession of contraband, or homicide. It seems entirely illogical, as I believe the legislature recognized, to impose multiple punishments when all of the offenses in question both arose from a single act and were distinguished from each other only by degree elements.
As the fourth and final tier (Element [D.]), the legislature has determined that offenses cannot be separately punished if they are "lesser offenses the statutory elements of which are subsumed by the greater offense." Section 775.021(4)(b)3., Fla. Stat. (1989) (emphasis added). This exception obviously deals with the problem of "permissive lesser included offenses."[5] As I noted in Cave,
[t]he statute does not say that the exception applies only to lesser offenses the statutory elements of which are subsumed by the statutory elements of the greater offense. Thus, if the statutory elements of the lesser offense are subsumed by the greater offense, separate convictions and sentences cannot result. That is by definition the state that exists whenever a greater offense is charged in a manner that subsumes the statutory elements of a permissive lesser included offense, whether or not the latter is charged. Accordingly, the legislature itself has recognized the continued viability of permissive lesser included offenses as they existed prior to Carawan. The only possible conclusion is that permissive lesser included offenses cannot result in separate convictions and sentences in addition to those for the greater offense, whether or not the lesser offenses are charged.
I believe this conclusion also finds support in other law as well. In State v. Weller, 590 So.2d 923 (Fla. 1991), we held that the analysis in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), defines "necessarily lesser included offense" by mutual exclusion: The *156 statutory elements of any lesser offense failing to meet Blockburger's "separateness" test by definition are subsumed within the statutory elements of the greater offense, meaning that it is a necessarily lesser included offense. Id. at 925-26. It is obvious that the legislature codified Blockburger within the language of subsection 775.021(4)(a), Florida Statutes (1991). Smith, 547 So.2d at 615.
That being the case, it would violate established rules of construction for us to hold that the exception contained in subsection 775.021(4)(b)3.... merely duplicates the Blockburger test itself, codified in subsection 775.021(4)(a). Such duplication obviously would exist if we read into the exception what the legislature itself omitted: a requirement that the greater offense be defined only with reference to its statutory elements and not with reference to the way it is charged in the information or indictment.
Cave, 613 So.2d at 456-57 (Kogan, J., concurring) (footnotes & some citations omitted).
For the foregoing reasons, I fully concur with the majority opinion.
BARKETT, C.J., concurs.
GRIMES, Justice, dissenting.
Section 775.021(4), Florida Statutes (1989), reads as follows:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Under subsection (4)(a), there can be no doubt that theft of a motor vehicle and robbery with a weapon are separate offenses. Each offense requires proof of an element that the other does not. Therefore, it is necessary to look at the exceptions contained in subsection (4)(b). Obviously, exceptions (1) and (3) are inapplicable. The majority seems to rely on the second exception to conclude that both theft of a motor vehicle and robbery with a weapon are degrees of the same offense but ignores the fact that these crimes are not degrees of the same offense "as provided by statute."
This Court's obligation is to apply the statute as it is written. We have made exceptions only in those circumstances where the application of the literal language would produce a result so absurd that the Legislature could not have intended it. In Johnson v. State, 597 So.2d 798 (Fla. 1992), we held that by virtue of a single act a person could not be convicted of both the grand theft of cash and the grand theft of a firearm because each offense involved the same crime, to wit: grand theft. We approved the decision below in Thompson v. State, 585 So.2d 492 (Fla. 5th DCA 1991), because as that court explained, from a historical perspective each of the two offenses was a species of theft. State v. Thompson, 607 So.2d 422 (Fla. 1992).
Robbery and grand theft have always been entirely separate crimes. State v. Rodriguez, 500 So.2d 120 (Fla. 1986). The taking of property from another through the use of force, violence, assault, or putting in fear is entirely different from the theft of a motor vehicle. How can it be said that the Legislature did not intend these crimes to be separately punished? The effect of this decision *157 is to slide back into the Carawan[6] analysis which the Legislature rejected in its 1988 amendment to section 775.021. See State v. Smith, 547 So.2d 613 (Fla. 1989).
SHAW and HARDING, JJ., concur.
NOTES
[1] § 812.014(2)(c)4, Fla. Stat. (1989).
[2] § 812.13(2)(a), Fla. Stat. (1989).
[3] Carawan v. State, 515 So.2d 161 (Fla. 1987), abrogation recognized, State v. Smith, 547 So.2d 613 (Fla. 1989).
[4] See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[5] A permissive lesser included offense is any lesser offense the statutory elements of which are entirely subsumed by the greater offense as the latter is specifically charged in the information or indictment, whether or not the lesser offense is also charged, provided the lesser offense is not a "necessarily" lesser included offense. Cave v. State, 613 So.2d 454, 456 n. 1 (Fla. 1993) (Kogan, J., concurring).
[6] Carawan v. State, 515 So.2d 161 (Fla. 1987).