650 So.2d 969 (1994)
Joseph THOMPSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 83064.
Supreme Court of Florida.
October 27, 1994.
Rehearing Denied February 23, 1995.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Sr. Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Thompson v. State, 627 So.2d 74 (Fla. 1st DCA 1993), which expressly and directly conflicts with the opinions in Sirmons v. State, 634 So.2d 153 (Fla. 1994), and Goodwin v. State, 634 So.2d 157 (Fla. 1994). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Based on a single sexual act, Thompson was convicted of sexual battery on a physically incapacitated victim in violation of section 794.011(4)(f), Florida Statutes (1991), and sexual activity while in custodial authority of a child, in violation of section 794.041(2)(b), Florida Statutes (1991). He was sentenced to two concurrent nine-year terms. The district court found no multiple-punishments problem in this sentencing scheme, but noted possible conflict with George v. State, 488 So.2d 589 (Fla. 2d DCA 1986). However, the district court proceeded to distinguish George from the instant case.
We do not address whether conflict with George exists, because we find independent conflict with Sirmons and Goodwin. In those two cases we held multiple punishments impermissible based on a single act if the various offenses are distinguished only by degree elements, which clearly is the case here. Accordingly, we find that the prohibition against multiple punishments has been violated. Art. I, § 9, Fla. Const. The decision below is quashed, and this cause is remanded for further proceedings consistent with our views here and in Sirmons and Goodwin. Dual convictions and sentences are not permissible here.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., and McDONALD, Senior Justice, concur.