695 So.2d 309 (1997)
STATE of Florida, Petitioner,
v.
Sonny D. ANDERSON, Respondent.
No. 87757.
Supreme Court of Florida.
May 29, 1997.
*310 Robert A. Butterworth, Attorney General and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Petitioner.
James B. Gibson, Public Defender and Nancy Ryan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Respondent.
SHAW, Justice.
We have for review Anderson v. State, 669 So.2d 262 (Fla. 5th DCA 1995), wherein the court certified the following question:
Whether the double jeopardy clause permits a defendant to be convicted and sentenced under both section 837.02, Florida Statutes (1991), perjury in an official proceeding, and section 903.035, Florida Statutes (1991), providing false information in an application for bail, for charges that arise out of a single act.
Id. at 269. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative and approve the result in Anderson.
Anderson attended a hearing on a motion for reduction of bond January 25, 1991, and while under oath explained that he had been late for a prior court appearance on October 8, 1990, because he had taken his girlfriend's daughter to the hospital emergency room. This explanation was untrue. Based on this single lie, Anderson was charged with and convicted of both committing perjury in an official proceeding[1] and providing false information in an application for bail.[2] The district court affirmed the conviction for the former offense, reversed the conviction for the latter, and certified the above question.
The parties agree that this case is controlled by subsection 775.021(4)(b), Florida Statutes (1991), which provides:
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Id. (emphasis added).
The district court interpreted the phrase "same offense" as barring multiple punishments for crimes arising from the same broad "core conduct":
[T]he question this provision raises is what are degrees of the same offense and can two or more crimes be the same offense if the common core is not a crime.
That the common core shared by two offenses does not itself have to be a crime in order for the offenses to be degrees of the same offense is shown by the supreme court's decisions in Goodwin v. State, 634 So.2d 157 (Fla.1994), and [ (Joseph) ] Thompson v. State, [650 So.2d 969 (Fla. 1994) ]. Because of the cryptic language used in section 775.021(4), the phrase "degrees of the same offense as provided by statute" has required construction. "Degrees of the same offense" is not limited to "third degree," "second degree" or "first degree;" it appears to mean the scope or extent of crimes identified anywhere in the Florida Statutes that are essentially varieties of the same core offense. There are *311 "degree factors" and they are different from "degrees of crime."
....
In this case ... there was no shared core crime. The two offenses shared only certain core conduct which, with the addition of certain additional factors, became these two crimes. The core offense involved in this case is the making of a false statement within the context of judicial proceedings....
Even if the foregoing effort to find a path through the statute and case law is wrong, we conclude, as have many other appellate judges of this state, that the legislature "could not have intended" that by telling a single lie at a single hearing... Anderson committed two third degree felonies.
Anderson, 669 So.2d at 264-65 (citations omitted). Anderson maintains that the district court's "core conduct" analysis is correct. We disagree.
Legislative intent is the polestar that guides our analysis in double jeopardy issues,[3] and there is no clearer signpost of legislative purpose than the official language of Florida Statutes. We conclude that subsection 775.021(4)(b)(2) means just what it says: Multiple punishments are barred for those "crimes" that are degrees of the same underlying "crime." As a general rule, degree crimes, or "degree variants," are oftentimes denoted in the same statutory chapter,[4] but such is not always the case.[5] We note that this reading of subsection 775.021(4)(b)(2) comports with both the plain language of the statute and this Court's case law.[6]
In the present case, while Anderson's two offenses are denoted in separate statutory chapters, both crimes arose from a single act of perjury and are in fact degree variants of that crime. As noted above, section 837.02 punishes one who knowingly makes a false statement under oath in an official proceeding, and section 903.035 punishes one who intentionally makes a false statement in an application for bail. Both statutes punish the same basic crime (i.e., the violation of a legal obligation to tell the truth), and differ only in terms of the degree of violation. Under section 837.02, the violation is of a formal oath, while under section 903.035, it is not.
Because the two crimes are degree variants of the same underlying crime, Anderson's dual convictions cannot stand. See generally Art. I, § 9, Fla. Const. We answer the certified question in the negative and approve the result in Anderson.
It is so ordered.
KOGAN, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which KOGAN, C.J., and OVERTON, J., concur.
GRIMES, J., concurs in result only.
ANSTEAD, Justice, specially concurring.
I fully concur in Justice Shaw's opinion.
*312 Our decision today restores some measure of good sense and common understanding of the double jeopardy clause to our jurisprudence. An application for bail is obviously an official proceeding brought to secure bail in a criminal case. If a defendant provides "false information" or lies in the bail application he or she can be prosecuted under section 903.035. Alternatively, the defendant could be prosecuted under section 837.02 for committing perjury in an official proceeding, based on the lie in the "official" application for bail. Practically speaking, these alternative forms of prosecution simply are not distinct and separate "crimes." The bail offense is nothing more than a sub-species of perjury in an official proceeding. It is a species of perjury that has been singled out for attention, but it still remains a species of lying in an official proceeding.
That being the only understanding of these forms of prosecution that makes sense, I agree with Judge Griffin's cogent analysis in the majority opinion below, and especially that portion which declares:
Even if the foregoing effort to find a path through the statute and case law is wrong, we conclude, as have many other appellate judges of this state, that the legislature "could not have intended" that by telling a single lie at a single hearing that he was late for an earlier court appearance because he had to take his girlfriend's child to the hospitalAnderson committed two third degree felonies. See Goodwin, 634 So.2d at 157-158 (Grimes, J., concurring); State v. Chapman, 625 So.2d 838, 839 (Fla.1993); Thompson [v. State], 585 So.2d [492] at 494 [(Fla. 5th DCA 1991)]; Kurtz [v. State], 564 So.2d [519] at 522-523 [(Fla 2nd DCA 1990)]. The legislature plainly intended to punish the making of a false statement in an official proceeding. It is only due to the overlap of these two statutes at the point where the false statement designed to gain release is made during sworn testimony in a bail hearing that both statutes apply. Even absent the rule of lenity, it does not appear to have been the legislature's intent in enacting these statutes to transform this event of making one false statement into two discrete crimes. We accordingly vacate the conviction for violation of section 903.035(1)(a), Florida Statutes.
Anderson, 669 So.2d at 265.
In the past, this Court has sometimes gone much further than the United States Supreme Court in invoking a hyper-technical analysis to find separate crimes resulting in the imposition of multiple and inordinately severe punishments for a single crime. In United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), for example, the United States Supreme Court held that the double jeopardy provisions of the United States Constitution barred the prosecution of a defendant for both criminal contempt in violation of a conditional release order prohibiting drug use and a criminal drug offense based on the same conduct. In addition, the Court held that a defendant cannot be prosecuted for criminal contempt based on a violation of a civil court order barring a husband from assaulting his wife and a separate criminal offense for assault based on the same conduct. Id. Compare these holdings with our recent decision finding no double jeopardy violation where a defendant is being prosecuted for both criminal contempt and criminal stalking based on the same underlying conduct. State v. Johnson, 676 So.2d 408 (Fla.1996). Dixon and the Court's earlier opinion in Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), emphasized that courts should be careful not to allow dual prosecutions for both a principal offense and a "species of lesser included" offenses of the principal offense. We have heeded that message today.
KOGAN, C.J., and OVERTON, J., concur.
NOTES
[1] Section 837.02, Florida Statutes (1991), provides in relevant part:

(1) Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree....
[2] Section 903.035, Florida Statutes (1991), provides in relevant part:

(3) Any person who intentionally provides false or misleading material information or intentionally omits material information in connection with an application for bail or for modification of bail is guilty of a misdemeanor or felony which is one degree less than that of the crime charged for which bail is sought....
[3] See, e.g., State v. Smith, 547 So.2d 613 (Fla. 1989).
[4] See (Joseph) Thompson v. State, 650 So.2d 969 (Fla.1994) (involving sexual battery on a physically incapacitated victim, in violation of section 794.011(4)(f), Florida Statutes (1991), and sexual activity while in custodial authority of a child, in violation of section 794.041(2)(b), Florida Statutes (1991)); Sirmons v. State, 634 So.2d 153 (Fla.1994) (involving grand theft of an automobile, in violation of section 812.014(2)(c)(4), Florida Statutes (1989), and robbery with a weapon, in violation of section 812.13(2)(a), Florida Statutes (1989)); Johnson v. State, 597 So.2d 798 (Fla.1992) (grand theft of cash, in violation of section 812.014, Florida Statutes (1989), and grand theft of a firearm, in violation of section 812.014, Florida Statutes (1989)).
[5] See Goodwin v. State, 634 So.2d 157 (Fla.1994) (involving "UBAL manslaughter and vehicular homicide"); State v. (Wayne) Thompson, 607 So.2d 422 (Fla.1992) (involving "sale of a counterfeit controlled substance and for felony petit theft").
[6] See (Joseph) Thompson, (holding that dual convictions are impermissible where both crimes arose from the same sexual battery); Goodwin (same rule where both crimes arose from the same homicide); Sirmons (both crimes arose from the same theft); Johnson (both crimes arose from the same theft); (Wayne) Thompson (both crimes arose from the same theft).