HARRIS, Judge,
dissenting.
The issue in this case is whether one who starts his “fleeing and attempting to elude” in one county and crosses a county line before he is apprehended, may be prosecuted in both counties under different sections of the same statute. Our supreme court in State v. Anderson, 695 So.2d 309 (Fla.1997), has indicated the answer is no if the subsections are degree variants of the same basic offense. The statute involved in this case, section 316.1935, prohibits fleeing or attempting to elude an officer either [subsection (1) ] when the driver fails to stop after being ordered to do so by an officer (a first degree misdemeanor), or [subsection (2) ] when one flees at a high rate of speed (third degree felony), or [subsection(3) ] when one flees from an accident (third degree felony). Thus, the offense of fleeing and attempting to elude can be proved in different ways and result in differing penalties. But does not the “degree factor” of fleeing from an accident aggravate the underlying fleeing or attempting to evade misdemeanor? And cannot the same be said about the “degree factor” of. fleeing at a high rate of speed? See Sirmons v. State, 634 So.2d 153 (Fla.1994).
The common evil.addressed by all three subsections of section 316.1935 is fleeing or attempting to elude a law enforcement officer. It is the heart of each of the subsections of the statute involved in this case. In Anderson, the “same basic crime” was the violation of a legal .duty to tell the truth. Anderson was convicted of both perjury in an official proceeding (section 837.02) and providing false information in an application for bail (section 903.035). One offense required an oath, the other did not; one offense required that the false statement occur in the context of a bail hearing, the other did not. Thus the offenses in Anderson met the Blockburger test, a point made in the dissent to the appellate court decision in Anderson.
On review, our supreme court in Anderson held:
In the present case, while Anderson’s two offenses are denoted in separate statutory chapters, both crimes arose from a single act of perjury and are in fact degree variants of that crime.
Because the two crimes are degree variants of the same underlying crime, Anderson’s dual convictions cannot stand.
Anderson, 695 So.2d at 311.
Here, it is the same continuing act of fleeing and attempting to elude that is being prosecuted. Citrus County charged subsection (2) relating to fleeing at a high rate of speed; Marion County charged subsection (3) relating to fleeing in disregard of an officer’s instruction to stop following an accident.[1] Does each county through which a chase occurs represent a separate offense? See Lints v. State, 643 So.2d 689 (Fla. 5th DCA 1994) (defendant’s possession of firearm during his travel across county line constituted a single offense where it was not shown that the possession was somehow interrupted); Michie v. State, 632 So.2d 1106 (Fla. 2d DCA 1994) (traffic offenses such as driving under the influence or driving with suspended license are “continuing offenses” permitting single conviction per episode).
Because a single episode of fleeing or attempting to elude is a continuing offense and because the offense charged in Marion County and the offense charged in Citrus County are degree variants of the same basic crime *302 (i.e. violation of the obligation not to flee or attempt to elude), under Anderson, I would reverse.

. Although perhaps not material since Jacobs entered a plea, the only indication in the record that an "accident” occurred is the report of the arresting officer in Marion County that another officer’s vehicle sustained damage when it slid into the subject’s vehicle. But this was when the vehicle had been brought to a stop. There is no indication that further fleeing occurred or was attempted. The officer’s report basically describes the same continuing high speed chase across the county line which eventually ended, at which time an officer's car slid into Jacob’s vehicle. An arresting officer from Marion County testified in the Citrus County case that Jacobs "didn’t run into anything.” And there is no indication, as required by section 316.1935(3), that the initial fleeing was from the scene of an accident. Perhaps the Marion County defense counsel believed that since Jacobs clearly violated 316,1935(2) [fleeing at a high rate of speed], a plea to violating 316.1935(3), since both are third degree felonies, would make no difference. If the majority opinion herein is correct, defense counsel may have well been ineffective.