HAZOURI, J.
Appellant, Lance Braham (“Braham”), appeals his convictions for felony causing bodily injury, attempted second degree murder, robbery with a firearm, and grand theft of an automobile. Braham raises numerous issues on appeal, only two of which merit discussion: (1) whether the record contained sufficient evidence to support a conviction for felony causing bodily injury, and (2) whether Braham’s protection against double jeopardy was violated when he was convicted of attempted second degree murder and felony causing bodily injury.
On May 15, 1998, Bruce Montague (“the victim”) entered the bathroom at a gas station in Pompano Beach. Braham followed the victim into the bathroom, placed a gun to the back of his head, and forced him to the floor. Braham robbed the victim of his money, cellular telephone, and car keys then threatened to kill the victim if he did anything. After robbing the victim, Braham exited the bathroom and entered the victim’s vehicle that was parked outside. Braham was unable to start the victim’s vehicle due to its anti-theft device.
When the victim exited the bathroom, he saw Braham in the vehicle and began screaming, running around, and waving his hands in an attempt to get assistance. As the victim was running towards a door leading into the gas station store, Braham fired a shot at the victim. The shot shattered a passenger’s side window and the bullet grazed the victim’s arm. After shooting the victim, Braham exited the vehicle and fled on foot. The police subsequently conducted a search of the surrounding area and Braham was apprehended by a K-9 officer.
The state charged Braham with attempted first degree murder, felony causing bodily injury, robbery with a firearm, and attempted carjacking. At trial, Bra-ham argued the entire criminal episode was one transaction and that double jeopardy barred the state from charging him for a robbery inside the bathroom and the attempted carjacking outside. The state argued that: (1) Braham completed the robbery in the bathroom after he took the items and exited, and (2) the events occurring outside of the bathroom constituted separate offenses. The trial court agreed with the state and properly rejected Bra-ham’s double jeopardy argument. See McKinney v. State, 579 So.2d 80, 84 (Fla.1991). However, the trial court accepted Braham’s argument that the attempted carjacking charge should be reduced to the lesser included offense of grand theft auto and reduced the charge accordingly.
In his first point on appeal, Braham argues there was insufficient evidence to support a conviction for felony causing bodily injury because grand theft auto is not an enumerated offense that could sup *299 port a conviction under section 782.051(1), Florida Statutes (1997). According to section 782.001(1), Florida Statutes (1997):
Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an act that causes bodily injury to another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life, or as provided in s. 775.082, s. 775.083, or s. 775.084, which is an offense ranked in level 9 of the sentencing guidelines. Victim injury points shall be scored under this subsection.
Of the felonies enumerated in section 782.04(3), only carjacking and robbery are relevant to this case. See § 782.04(3), Fla. Stat. (1997). Braham claims that because grand theft auto is not an enumerated offense under section 782.04(3), his conviction of felony causing bodily injury under section 782.051(1) was erroneous.
The state argues the robbery in the bathroom continued after Braham exited and provided the necessary enumerated offense for the felony causing bodily injury charge. Although an act can be deemed to be in the course of committing a robbery if it occurs in the flight after the commission of the robbery, the state successfully argued below that the robbery was completed in the bathroom. See §§ 812.13(3)(a) & (b), Fla. Stat. (1997). The trial court’s acceptance of the state’s argument that the robbery was completed in the bathroom allowed the state to avoid Braham’s double jeopardy claim that the episode was a continuous series of events that required the robbery and carjacking charges to merge together into one transaction.
Despite the fact that the trial court accepted the state’s argument on this issue, the state now takes the position that the robbery was not completed in the bathroom but continued after Braham exited the room. However, “a party may not invite error and then be heard to complain of that error on appeal.” Pope v. State, 441 So.2d 1073, 1076 (Fla.1983). Because the state argued below that the robbery in the bathroom and the events occurring outside were separate and distinct, its contention on appeal that the robbery was continuous and furnished the requisite enumerated offense for the felony causing bodily injury charge must fail.
Without an enumerated felony to base the felony causing bodily injury charge on, the state failed to prove one of the elements of the charge it brought under section 782.051(1). Thus, Braham claims his conviction and sentence on the felony causing bodily injury charge must be reversed. However, section 924.34, Florida Statutes (1997), states:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
The record clearly indicates that the state proved Braham committed a felony causing bodily injury under section 782.051(2), Florida Statutes (1997). A felony causing bodily injury under section 782.051(2) is not a lesser included offense of a felony causing bodily injury under section 782.051(1) because each crime contains different elements. However, the question of whether a felony causing bodily injury charge pursuant to section 782.051(2) is a lesser statutory degree of the offense brought under section 782.051(1) must be addressed.
Although a felony causing bodily injury is a first degree felony when brought pursuant to either section 782.051(1) or section 782.051(2), a conviction under section 782.051(1) is an offense ranked in level 9 of the sentencing guidelines while a charge under section 782.051(2) is an offense ranked in level 8 of the sentencing guide *300 lines. See §§ 782.051(1) & (2), Fla. Stat. (1997). The enacting legislation of section 782.051 states it is an act “relating to offenses against persons; creating s. 782.051, F.S.; describing the offense of felony causing bodily injury and providing penalties therefor; ranking offenses for purposes of sentencing guidelines; providing an effective date.” Ch. 96-359, at 2052, Laws of Fla. (emphasis added). The fact that the offenses were ranked for purposes of the sentencing guidelines suggests that each subsection dealt with a separate degree of the offense. Further, the discrepancy in sentencing provisions can be explained by the fact that the enumerated felonies necessary to obtain a conviction under section 782.051(1) are generally more serious than those required for conviction under section 782.051(2).[1]
According to Black’s Law Dictionary, “degrees of crime” is a term used to refer to conduct that is punished to a greater or lesser extent depending upon the existence of one or more factors. See BLACK’S LAW DICTIONARY 424 (6th ed.1990).
The legislature created the crime of felony causing bodily injury and enacted section 782.051. Because the conduct prohibited in section 782.051 is punished to a greater or lesser extent depending upon the existence of one or more factors, it follows that subsections (1), (2) and (3) provide for separate and distinct degrees of the crime of felony causing bodily injury. In addition, “degree crimes, or ‘degree variants,’ are oftentimes denoted in the same statutory chapter, but such is not always the case.” State v. Anderson, 695 So.2d 309, 311 (Fla.1997)(footnote omitted). Furthermore, “ ‘[djegrees of the same offense’ is not limited to ‘third degree,’ ‘second degree’ or ‘first degree;’ it appears to mean the scope or extent of the crimes identified anywhere in the Florida Statutes that are essentially varieties of the same core offense. These are ‘degree factors’ and they are different from ‘degrees of crime.’ ” Anderson v. State, 669 So.2d 262, 264 (Fla. 5th DCA 1995), decision approved by, State v. Anderson, 695 So.2d 309 (Fla.1997).
The subsections of section 782.051 are essentially varieties of the same core offense: felony causing bodily injury. Thus, it follows that a violation of section 782.051(2) is a lesser statutory degree of felony causing bodily injury than a charge brought pursuant to section 782.051(1). We therefore reverse Braham’s conviction and sentence for felony causing bodily in'jury pursuant to section 782.051(1) and, pursuant to section 924.34, remand the case with directions to enter a judgment and sentence for the lesser degree of felony causing bodily injury under section 782.051(2).
Braham also argues that his convictions for attempted second degree murder and felony causing bodily injury resulting from his shooting the victim violate the double jeopardy clause of the Fifth Amendment of the United States Constitution. This very argument was recently addressed and rejected by this court in Busby v. State, 766 So.2d 259 (Fla. 4th DCA 2000). Therefore, we hold that the trial court did not err in adjudicating and sentencing Braham for both a felony causing bodily injury and attempted second degree murder. We affirm on all other points raised by Braham as they are without merit.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
FARMER and STEVENSON, JJ., concur.

. Any felony other than a felony enumerated in section 782.04(3) can satisfy the underlying felony requirement in a charge brought pursuant to section 782.051(2). See § 782.051(2), Fla. Stat. (1997).