330 So.2d 557 (1976)
Gus David HOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-428.
District Court of Appeal of Florida, Second District.
April 14, 1976.
Rehearing Denied May 13, 1976.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was arrested by the Tampa police on a burglary warrant issued at the instance of the Hillsborough County Sheriff's office. The Tampa police notified Lewis Fisher, the Hillsborough County detective who had been investigating the case. Fisher came to the Tampa Police Department interrogation room where he interviewed the appellant. Fisher first read appellant his Miranda rights. Appellant stated he understood these rights but said he was willing to talk to Fisher. He did not request counsel. Apparently because he had neglected to bring any forms with him, Detective Fisher failed to obtain from appellant a written waiver of counsel. Appellant then confessed to the crime with which he was charged.
Prior to trial, the court held a hearing on the appellant's motion to suppress the confession. The court found that appellant had freely and voluntarily made the confession and denied the motion. At the trial, Fisher testified concerning appellant's oral confession. Appellant admitted talking to Fisher but denied having admitted his guilt. The jury found appellant guilty as charged. The sole issue on appeal is whether the confession should have been suppressed.
At the outset we must determine whether appellant knowingly waived his right to retained or appointed counsel. In Miranda v. Arizona, 1966, 384 U.S. 436, 86 *558 S.Ct. 1602, 16 L.Ed.2d 694, the U.S. Supreme Court said:
"An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained. A statement we made in Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962), is applicable here:
`Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'
"See also Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Moreover, where in-custody interrogation is involved, there is no room for the contention that the privilege is waived if the individual answers some questions or gives some information on his own prior to invoking his right to remain silent when interrogated."
Does this mean that one must expressly waive the right to counsel before his subsequent confession is admissible in evidence? This question has been answered in the negative many times. Thus, in United States v. Montos, 5th Cir.1970, 421 F.2d 215, the court said:
"... An express statement that the individual does not want a lawyer is not required, however, to show that the individual waived his right to have one present. See Bond v. United States, 10 Cir., 1968, 397 F.2d 162, 165. All that the prosecution must show is that the defendant was effectively advised of his rights and that he then intelligently and understandingly declined to exercise them. See Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962)."
In Hughes v. Swenson, 8th Cir.1971, 452 F.2d 866, the court stated:
"Having concluded that appellant was not only warned as required by Miranda but that he also asserted that he understood his rights, the legal question remains whether such an assertion constitutes a valid waiver of counsel. In Miranda, the Supreme Court announced that `a valid waiver will not be presumed simply from the silence of the accused after warnings were given or simply from the fact that a confession was eventually obtained.' 384 U.S., at 475, 86 S.Ct., at 1628. The thrust of appellant's claim is that a valid waiver cannot be effective absent an expressed declaration to that effect. We are cited to no case which supports appellant's thesis and independent research discloses none. To the contrary, the Fifth, Seventh, Ninth, and Tenth Circuits have held in effect that if the defendant is effectively advised of his rights and intelligently and understandingly declines to exercise them, the waiver is valid.
* * * * * *
"It is neither necessary nor desirable to undertake to fashion a per se rule to be applied in all cases presenting the Miranda issue. The crucial question always must be: has the prosecution sustained its heavy burden of demonstrating that the defendant was effectively advised of his rights, and did he knowingly and understandingly decline to exercise them? ..."
Accord, United States v. Ragers, 5th Cir.1974, 504 F.2d 1079; United States v. Guzman-Guzman, 5th Cir.1974, 488 F.2d 965; United States v. Mix, 5th Cir.1971, 446 F.2d 615; United States v. Daniel, 5th Cir.1971, 441 F.2d 374; United States v. Hilliker, 9th Cir.1970, 436 F.2d 101.
While appellant did not expressly waive the right to counsel, he did more than *559 simply give a confession immediately following the reading of his Miranda rights. He told the officer that he understood these rights. He further stated that he was willing to talk to the officer. There is nothing in the record to suggest any coercion or intimidation, and when appellant testified at the trial, he did not contend that this occurred. The totality of circumstances reflect a knowing waiver of counsel.
Thus, viewed from the standpoint of Miranda, appellant suffered no impairment of any constitutional rights. However, there is nothing to keep the several states from imposing standards more stringent than Miranda. The State of Florida seems to have done this in RCrP 3.111 which provides, in part:
"(a) When Counsel Provided. A person entitled to appointment of counsel as provided herein shall have counsel appointed when he is formally charged with an offense, or as soon as feasible after custodial restraint or upon his first appearance before a committing magistrate, whichever occurs earliest.
* * * * * *
"(c) Duty of Booking Officer.

"In addition to any other duty, the officer who commits a defendant to custody has the following duties:
(1) He shall immediately advise the defendant:
(i) of his right to counsel;
(ii) that if the defendant is unable to pay a lawyer, one will be provided immediately at no charge.
* * * * * *
"(d) Waiver of Counsel.

(1) The failure of a defendant to request appointment of counsel or his announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
* * * * * *
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof."
Appellant had been held by the Tampa Police Department for several hours when he first talked to Detective Fisher. Therefore, he was clearly in custodial restraint as contemplated by RCrP 3.111 (a). Even though he had been advised of his right to counsel and of the fact that if he was unable to pay a lawyer one would be provided for him, appellant did not sign a written waiver of counsel in the presence of two attesting witnesses as required by RCrP 3.111(d)(4).
On the other hand, our Supreme Court has held that the violation of a rule of criminal procedure does not necessitate the reversal of a conviction unless the record discloses that noncompliance with the rule resulted in prejudice or harm to the defendant. Richardson v. State, Fla. 1971, 246 So.2d 771. In the instant case, the record amply supports the court's conclusion that appellant's confession was freely and voluntarily given after he had been fully advised of his constitutional rights. While a written waiver of counsel attested by two witnesses should have been obtained, appellant has failed to demonstrate any prejudice incident to the violation of the rule.
AFFIRMED.
McNULTY, C.J., and HOBSON, J., concur.