600 So.2d 513 (1992)
Edgar Lewis KEENE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02037.
District Court of Appeal of Florida, Second District.
June 10, 1992.
James Marion Moorman, Public Defender, Bartow, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Edgar Lewis Keene was convicted of possession of cannabis with intent to sell, conspiracy to possess cannabis with intent to sell, and possession of cannabis.[1] We reverse the conviction for possession of cannabis on double jeopardy grounds. We affirm in all other respects.
Possession is a lesser-included offense of possession with intent to sell the same quantum of contraband. Albury v. State, 585 So.2d 509 (Fla. 3d DCA 1991). The state's reliance on State v. McCloud, 577 So.2d 939 (Fla. 1991) is misplaced as McCloud held that possession was not a lesser-included offense of sale under amended section 775.021(4)(b), Florida Statutes (Supp. 1988), in that each offense contained an element that the other did not; that is, the crime of sale does not require possession. Here, however, the offense of possession with intent to sell by definition requires possession. We therefore reverse the conviction for possession of cannabis. Barton v. State, 523 So.2d 152, 153 (Fla. 1988).
Because reversal of this conviction does not change the guideline cell and because no sentence was imposed on the possession charge, we need not remand for resentencing.
Affirmed in part; reversed in part.
RYDER, A.C.J., and BLUE, J., concur.
NOTES
[1] §§ 893.13(1)(a)2., 777.04(3), 893.13(1)(f), Fla. Stat. (1989).