645 So.2d 448 (1994)
Frederick E. MELVIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 83013.
Supreme Court of Florida.
November 23, 1994.
*449 Julian Clarkson and Susan L. Turner of Holland & Knight, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Consuelo Maingot, Asst. Atty. Gen., Miami, for respondent.
OVERTON, Justice.
We have for review Melvin v. State, 630 So.2d 1139 (Fla. 3d DCA 1993), in which the district court certified the following as a question of great public importance:
DOES A DEFENDANT, WHO KNOWINGLY ENTERED INTO A PLEA AGREEMENT, THEREBY WAIVE AN OTHERWISE VIABLE DOUBLE JEOPARDY CLAIM[?]
Id. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
The issue presented by the certified question is the same issue this Court recently addressed in Novaton v. State, 634 So.2d 607 (Fla. 1994). In both Novaton and the instant case, the defendant plea-bargained with the State on multiple charges in exchange for reduced sentences. In each case, the defendant was sentenced according to the bargain and later discovered that some of the convictions were based on duplicative charges and that the convictions should have been barred by the Double Jeopardy Clauses of the state and federal constitutions. In Novaton, this Court held that, under the circumstances of that case, "where Novaton entered into a bargained plea with the State, [he] waived any double jeopardy claim that may [have affected] either his convictions or his sentences." Id. at 609.
The circumstances in the instant case are essentially the same as those presented in Novaton. Melvin received reduced sentences on multiple charges, based on criminal acts Melvin committed in two separate instances, in exchange for his plea of no contest. The plea colloquy indicates that Melvin voluntarily entered into the plea bargain and that he was aware of the length and nature of each of the sentences to which he agreed. We find that, on these facts, Melvin waived his constitutional protection against double jeopardy in exchange for the substantial benefit of reduced charges. Accordingly, we answer the certified question in the affirmative.[1] The decision of the district court of appeal is approved.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We note, however, that a plea "agreement," the term used in the certified question, does not necessarily have the same connotation as a plea "bargain." Our decision in the instant case is based on the fact that Melvin bargained with the State and specifically agreed to plead to each charge and specifically accepted each sentence in exchange for reduced concurrent sentences with a three-year mandatory minimum sentence.