PER CURIAM.
Joseph Harris appeals from a conviction of aggravated assault with a firearm and improper exhibition of a firearm. We affirm.
Harris was charged with two counts of aggravated assault with a firearm, each offense arising out of incidents that took place on two separate days. The charges were consolidated for trial. Harris moved for judgment of acquittal on the second count of aggravated assault, on the grounds that the witnesses testified at trial that Harris had only waved the gun in the air and not pointed it at anyone in particular. The court instead reduced the second count to improper exhibition of a firearm, a permissive lesser included offense. Harris was subsequently convicted on both counts.
The appellant contends that, under section 924.34, Florida Statutes (1993), when a court finds the evidence is insufficient to support the greater charge, it shall reduce that charge to a necessarily included lesser offense, but may not reduce the charge to a permissive lesser included offense, as happened here. However, section 924.34 is inapplicable to these facts, as it concerns the power of an appellate court to do that which the trial court did not and should have initially done.
The applicable rule in this instance is Florida Rule of Criminal Procedure 3.510(b), which provides that the jury may convict the defendant of “any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence.” [emphasis added]. This rule provides that, where the evidence may not support the greater charge but supports a lesser included offense, whether necessarily or permissibly included, the trial court may act on its own initiative and reduce the greater charge to that charge which the evidence validly supports. In this case, there was ample record evidence to support the reduction of the charge of aggravated assault with a firearm to the permissive lesser included offense of improper exhibition of a firearm. The trial court correctly and commendably acted on its own initiative to conform the charge to what the evidence reasonably supported, and so instruct the jury on the lesser charge.
As to the only other point raised by the appellant, the appellee concedes that the witness’s passing reference to the appellant’s arrest was improper. However, in light of the judge’s curative instructions given immediately after the comment, the isolated nature of the reference, and the overwhelming weight of evidence to support the charges, there is no reasonable possibility that the witness’s comment contributed to the appellant’s conviction, and the error was harmless at best. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
*213 Accordingly, the appellant’s convictions and sentence are affirmed.