*511
ON MOTION FOR REHEARING

STONE, Judge.
Contrary to his prior assertion in this appeal that Sirmons v. State, 634 So.2d 153 (Fla.1994), represented a departure from existing law, Appellant now argues by this motion for rehearing that Sirmons was actually a re-affirmation by the supreme court of existing law. Having reviewed the Sirmons decision and the cases cited therein, we grant Appellant’s motion for rehearing and republish our opinion as follows:
This is an appeal from the denial of post-conviction relief pursuant to Florida Rules of Criminal Procedure 3.850. Appellant claims both a double jeopardy violation and procedural error by the trial court. We affirm on both points.
Appellant was initially charged with robbery of a vehicle from an individual who had borrowed the vehicle from its owner. Appellant was later charged with grand theft auto of the same vehicle from its owner. Appellant, on a guilty plea, was convicted of the grand theft charge. He thereafter moved to have the robbery charge dismissed claiming a double jeopardy violation. The trial court denied this motion, apparently relying on Sirmons v. State, 603 So.2d 82 (Fla. 5th DCA 1992), subsequently quashed by the supreme court. The district court, in Sirmons, had held that dual convictions and sentences under section 775.021(4), Florida Statutes (1989) could result when robbery and grand theft are committed during a single criminal act. After this court denied without opinion Appellant’s request for an emergency writ of prohibition, Appellant entered a negotiated plea to the robbery charge.
Although, under the supreme court’s decision in Sirmons v. State, 634 So.2d 153 (Fla.1994), Appellant may have had a viable claim that his double jeopardy rights were violated, we find, on the authority of Novaton v. State, 634 So.2d 607 (Fla.1994) and Melvin v. State, 645 So.2d 448 (Fla.1994), that Appellant waived any such claim. In Novaton and Melvin, the supreme court held that where a defendant enters into a bargained plea with the state, that defendant waives any double jeopardy claim that may have affected a resulting conviction or sentence. Novaton, 634 So.2d at 609; Melvin, 645 So.2d at 449. In the instant case, the record indicates that Appellant’s plea was a bargained plea such as would place it under the auspices of Novaton and Melvin.
We note in closing that we have considered but deem inapposite Appellant’s attempt to distinguish Novaton and Melvin on the basis of the actions he undertook to have the robbery charge dismissed prior to entering his plea. By entering into a bargained plea agreement without reserving his right to appeal, Appellant evidenced a knowing waiver of his double jeopardy rights. Compare Lippman v. State, 633 So.2d 1061 (Fla.1994) (double jeopardy rights not waived where trial court unilaterally modified conditions of probation without agreement by or benefit to the appellant).
KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.