HARRIS, Judge.
In this appeal from the trial court’s denial of a motion to suppress the statements of Anthony Dunshay Randall, Randall admits that there was evidence before the court that his Miranda rights were given and that he waived both the right to remain silent and the right to counsel. He contends, however, that since he was only seventeen at the time he was arrested for the robbery, we should require that his waiver either be recorded on tape or, at the very least, be evidenced by his signature on a “waiver of rights” card. Rule 3.111(d)(4), Florida Rules of Criminal Procedure, requires:
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than 2 attesting witnesses. The witnesses shall attest the voluntary execution thereof.
In discussing this rule in Johnson v. State, 660 So.2d 637, 643 (Fla.1995), the supreme court held:
The rule states that an out-of-court waiver of the right to counsel must be in writing and signed by at least two attesting witnesses. Here, the written waiver contained only a single attesting witness. In gauging violations of rules of procedure, the courts of Florida generally have held that noncompliance does not require reversal unless it has resulted in prejudice or harm to the defendant such that fundamental rights are implicated. [Citation omitted.] This rule only applies with greater force to purely technical rules like rule 3.111(d)(4). In a highly analogous case, then-Judge Grimes noted that the complete failure to obtain the signed waiver would not require reversal in the absence of harm or prejudice. Hogan v. State, 330 So.2d 557, 559 (Fla. 2d DCA 1976).
Although a written waiver was not obtained in this case, and no waiver expressly appears on the taped statement, the tape does commence with the statement that Detective Amott announced he had read Randall his rights and Randall waived those rights. Randall then swore to tell the truth without any indication that his rights were not explained to him or that he had not waived them. Considering this fact together with Randall’s admission that he had been twice previously prosecuted as an adult and was well aware of his rights, we find that no prejudice resulted from the failure to obtain such written waiver in this case. We take this opportunity, however, to remind the Orlando Police Department of the requirement of this rule.
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.