783 So.2d 295 (2001)
Shannon DOYLE, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D01-482.
District Court of Appeal of Florida, First District.
March 19, 2001.
Rehearing Denied April 24, 2001.
*296 William J. Sheppard and D. Gray Thomas of Sheppard, White & Thomas, Jacksonville, for petitioner.
Robert A. Butterworth, Attorney General, Alan R. Dakan, Assistant Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Shannon Doyle petitions this court for a writ of prohibition, contending that prosecution on criminal charges would violate his constitutional right of speedy trial and the applicable statute of limitations. We deny the petition.
Doyle was arrested in 1993 on a charge of lewd and lascivious assault on a child under 16. No information was filed, however, and Doyle was placed in the pretrial intervention program (PTI). He remained in the program until 1999 but did not successfully complete it and an information was filed against him at that time. He executed documents which waived his rights to counsel and to speedy trial and the protections afforded by the statute of limitations in 1993, and others which later extended such waivers. It is undisputed, however, that the waivers of counsel were not witnessed by two persons attesting to the voluntariness thereof and they therefore did not comply with Florida Rule of Criminal Procedure 3.111(d)(4). Petitioner argues that since the waivers of counsel were not in compliance with the rule, the waivers of speedy trial and the statute of limitations were also invalid. Section 948.08(2), Florida Statutes, specifically requires consultation with counsel prior to placement in the PTI program and waiver of the right of speedy trial and the statute of limitations.
Although petitioner made a claim of violation of speedy trial under Florida Rule of Criminal Procedure 3.191 in the trial court, it was denied for failure to file a notice of expiration of speedy trial time pursuant to Rule 3.191(p)(2), and he does not pursue the argument in this court. Instead, he relies on the constitutional right to speedy trial and the statute of limitations. As for the former, petitioner must show, among other things, existence of actual prejudice as a result of the delay. Seymour v. State, 738 So.2d 984 (Fla. 2d DCA 1999). With regard to the statute of limitations, it may be waived in a criminal prosecution. Tucker v. State, 459 So.2d 306 (Fla.1984). The validity of Doyle's waivers of counsel in this case turns on the question of the effect of noncompliance with Rule 3.111(d)(4). This, too, requires an examination of the prejudice to Doyle created by the failure to have the waivers properly witnessed. Johnson v. State, 660 So.2d 637 (Fla.1995); Jordan v. State, 334 So.2d 589 (Fla.1976); Randall v. State, 691 So.2d 573 (Fla. 5th DCA 1997); Hogan v. State, 330 So.2d 557 (Fla. 2d DCA 1976).
Determination of whether Doyle was prejudiced by the delays and by the failure to have the waivers of counsel properly witnessed will require an evidentiary proceeding before the trial court. As a result, this matter is not properly before us in a prohibition petition. McKinney v. Yawn, 625 So.2d 885 (Fla. 1st DCA 1993). We therefore deny the petition, but without prejudice to Doyle's right to raise the *297 matter on direct appeal if he is convicted of the charges pending against him.
PETITION DENIED.
WOLF, DAVIS and POLSTON, JJ., concur.