SHARP, W., J.
Black appeals from his judgment and sentence for possession of cocaine.[1] He was charged with delivery of cocaine within one thousand feet of a place of worship (count one);[2] possession of cocaine within one thousand feet of a place of worship with intent to sell or deliver (count two);[3] and resisting an officer without violence (count three).[4] The evidence established that Black sold two pieces of alleged crack cocaine to an undercover officer, and another officer immediately chased him back to an apartment where Black was arrested. During a search incident to the arrest, another chunk of alleged cocaine fell out of Black’s pocket. Because the state commingled the alleged cocaine bits, before testing them, Black argues the trial court should have directed a verdict of acquittal in his favor. We affirm.
At the trial, the state’s expert witness, the chemist, testified she combined all of the alleged cocaine chunks into one bag (they had previously been separate packages) before randomly performing her test for crack cocaine on one of them. The state moved to admit the exhibit containing the combined pieces of cocaine into evidence. Defense counsel argued it should not be admitted and the court should enter a judgment of acquittal on *974 the drug charges because the state could not prove the tested piece of cocaine was obtained from the sale incident or the arrest incident.
The trial court admitted the exhibit, but agreed with the prosecutor that the most the evidence established was one count of possession. The prosecutor elected to proceed on count two. The court granted Black’s motion for judgment of acquittal on count one and reduced the charge on count two to possession. The jury returned a guilty verdict on count two.
The fact that the chemist could not identify the piece of crack cocaine which was tested as having come from the sale to the undercover agent, or from the search incident to arrest is not fatal in this case. Black could have been found guilty of possession if he possessed the controlled substance at either time. See Lyons v. State, 807 So.2d 709 (Fla. 5th DCA 2002) (evidence was sufficient to convict defendant of trafficking in cocaine in an amount in excess of 400 grams, even though two bags of cocaine totaling 813.4 grams were commingled before they tested positive for cocaine); Collins v. State, 717 So.2d 186 (Fla. 5th DCA 1998), rev. denied, 729 So.2d 917 (Fla.1999)(state provided adequate proof that defendant possessed at least 28 grams of cocaine; officers discovered 30 to 40 small bags containing what appeared to be crack cocaine, the contents were commingled into a single bag and lab analyst testified she randomly tested rocks of suspected cocaine and found 196.5 grams).
Black also argues that the court erred in attempting to cure the variance between the information and the evidence by combining and reducing the charges to one of simple possession.
Florida Rule of Criminal Procedure 3.510(b) provides:
On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:
[[Image here]]
(b) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
Under this rule, the trial court may reduce the greater charge in an indictment or information to that charge which the evidence validly supports. Harris v. State, 650 So.2d 211 (Fla. 3d DCA), rev. denied, 660 So.2d 713 (Fla.1995).
In this case, the state’s evidence was insufficient to establish two separate charges of delivery of cocaine and possession of cocaine with intent to sell or deliver because the chemist commingled the substances. Nevertheless, the evidence was sufficient to establish Black possessed the tested cocaine during the sale transaction as alleged in count two, since at the time he had all of the alleged contraband in his possession. Thus the court properly entered a judgment of acquittal on the delivery charge and also properly reduced the charge of possession with intent to sell or deliver to simple possession.[5] See State v. Clark, 538 So.2d 500 (Fla. 3d DCA), rev. denied, 545 So.2d 1369 (Fla.1989)(reduction of defendants’ charges from trafficking in heroin to possession of heroin was proper, where state’s chemist failed to test *975 samples from each of the capsules in separate packages found on defendants to determine if total weight of randomly tested material contained enough heroin to violate trafficking statute).
AFFIRMED.
THOMPSON, C.J., and ORFINGER, J., concur.

. § 893.13(6)(a), Fla. Stat.

. § 893.13(1)(e) 1Fla. Stat.

. § 893.13(1)(e)1., Fla. Stat.

. § 843.02, Fla. Stat.

. Possession is a lesser included offense of possession with intent to sell. Keene v. State, 600 So.2d 513 (Fla. 2d DCA 1992).