958 So.2d 469 (2007)
Antonio L. RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5000.
District Court of Appeal of Florida, Second District.
May 11, 2007.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Antonio Rodriguez asserts that a violation of his constitutional guarantees against double jeopardy[1] occurred when he was convicted of and sentenced for possession of marijuana with intent to sell and possession of the same quantum of marijuana. We agree.
Mr. Rodriguez's troubles began when an employee of the electric power company informed Collier County Sheriff's deputies that, while investigating an alleged illegal diversion of power at a certain house, he smelled marijuana. The house was placed under surveillance and the deputies observed other indicia of a marijuana "grow house." Based upon their surveillance, the deputies obtained a search warrant, searched the house, and found marijuana. Subsequently, an information charged Mr. *470 Rodriguez with three third-degree felonies: cultivation of cannabis, possession of cannabis with intent to sell, and possession of over twenty grams of cannabis, all violations of section 893.13, Florida Statutes (2004). After a motion to suppress was denied, Mr. Rodriguez changed his plea to nolo contendere.[2]
Mr. Rodriguez's scoresheet provided for the lowest permissible sentence of any non-state prison sanction. At the change of plea hearing, defense counsel informed the court that in a plea conference with the State and the judge, Mr. Rodriguez would enter a plea to the three counts and a $5000 fine per count, with the understanding that the sentence would be concurrent terms of two years' community control followed by three years' probation on each count. The court then sentenced Mr. Rodriguez as outlined.
By filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), defense counsel brought the double jeopardy violation to the trial court's attention. The trial court found that the two convictions, possession with intent and possession, do, in fact, violate Mr. Rodriguez's double jeopardy protection pursuant to Keene v. State, 600 So.2d 513 (Fla. 2d DCA 1992) (holding that possession is a lesser-included offense of possession with intent to sell the same quantum of contraband). However, citing Coughlin v. State, 932 So.2d 1224 (Fla. 2d DCA 2006), the trial court dismissed the motion finding the error was not cognizable in a rule 3.800(b)(2) motion because this rule is the vehicle to correct sentencing errors, and Mr. Rodriguez was attacking his convictions rather than his sentences.
Although the trial court properly denied him relief under rule 3.800(b), the clear violation of his constitutional guarantees against double jeopardy entitles Mr. Rodriguez to have his conviction and sentence for possession vacated.
The general rule is that a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence. United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). There is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.
Novaton v. State, 634 So.2d 607, 609 (Fla. 1994); see also Melvin v. State, 645 So.2d 448, 449 n. 1 (Fla.1994) (explaining the difference between a "plea agreement" and a "plea bargain"; in a "plea bargain" the defendant negotiates with the State and agrees to plead in exchange for some benefit, such as a reduced sentence).
Our review of the record shows that Mr. Rodriguez has met the three requirements necessary to avail himself of the exception of the rule stated in Novaton, 634 So.2d at 609. There is no indication in this record that he "bargained" with the State because he pleaded as charged and was sentenced to the guidelines sentence; the double jeopardy violation is apparent from the record; and nothing in the record suggests that he waived the double jeopardy violation. Accordingly, we reverse the conviction for *471 possession of marijuana and vacate the sentence for it. In all other respects, the convictions and sentences are affirmed.
Affirmed in part, reversed in part, and remanded with instructions to vacate the judgment and sentence for possession of marijuana.
SILBERMAN and WALLACE, JJ., Concur.
NOTES
[1] U.S. Const. amend. V.; Art. I, § 9, Fla. Const.
[2] Mr. Rodriguez signed the Spanish version of the plea form that is titled, "Declaratión de culpable o de no disputo a acusaciones delictivas." The "no disputo" portion of the title was circled. More important, however, is the form's provision about what sentence he might receive: "Le pido al Juez que imponga la sentencia que estime apropiada," which means, "I ask the judge that he impose the sentence that he thinks appropriate."