ON STATE’S CONFESSION OF ERROR
 

 Laurancia Laurore moves for rehearing, and, on the proper confession of error by the State of Florida, we grant the motion for rehearing, vacate our prior opinion and substitute the following in its place:
 

 SUAREZ, J.
 

 Laurancia Laurore appeals the denial of her motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. She claims ineffective assistance of trial counsel because counsel failed to object and argue that her three separate convictions and sentences violate double jeopardy and that the trial court had imposed an excessive sentence. We affirm in part and reverse in part. We find that Laurore’s trial counsel’s performance was not ineffective because a double jeopardy objection would have been without merit. We agree, however, with the State’s concession that the trial court erroneously imposed a seven-year minimum mandatory sentence.
 

 On April 14, 1996, Laurore arrived at Miami International Airport from Jamaica. She was detained at customs, where
 
 *1288
 
 agents discovered she was in possession of 0.69 lbs. of cocaine. Laurore was arrested and charged with possession of cocaine, trafficking in cocaine and importation of a controlled substance. She pled guilty, and negotiated and entered into an agreement with the State, in which she accepted separate sentences for each of her pending charges. The plea agreement provided that Laurore was obliged to appear for sentencing, and that failure to appear would result in a thirty-year prison sentence with a minimum mandatory term of fifteen years. Laurore failed to appear for a period of seven years, during which time she lived under an alias.
 

 Section 775.021(4), Florida Statutes (1995), codifies the rules of construction for criminal penalties. It provides that,
 

 [w]hoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection,
 
 offenses are separate if each offense requires proof of an element that the other does not,
 
 without regard to the accusatory pleading or the proof adduced at trial.
 

 § 775.021(4)(a) (emphasis added).
 

 The statute identifies exceptions where separate sentencing for each criminal offense arising from the same criminal transaction would not be appropriate, namely, offenses which require identical elements of proof, offenses which are degrees of the same offense as provided by statute, and offenses which are lesser offenses, the statutory elements of which are subsumed by the greater offense.
 
 Id.
 
 Otherwise, viable double jeopardy objections to separate sentencing for offenses arising from the same criminal transaction are waived if a defendant knowingly enters a plea bargain covering both charges and sentence.
 
 Novaton v. State,
 
 634 So.2d 607 (Fla.1994).
 

 Laurore’s possession of cocaine charge was subsumed under the charge of trafficking in cocaine.
 
 See Gibbs v. State,
 
 698 So.2d 1206 (Fla.1997). Even so, she waived any double jeopardy claim by entering a guilty plea in a written plea agreement.
 
 See Novaton,
 
 634 So.2d at 609. There is no double jeopardy imposed by separate charges for trafficking of cocaine and importation of cocaine, because the two offenses do not require identical elements of proof. Thus, trial counsel’s assistance was not rendered ineffective by failure to raise a double jeopardy objection because the objection would have been unfounded. Therefore, Laurore cannot meet her burden of proof for ineffectiveness of counsel as required by
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 Laurore’s remaining claims rest on her argument that she received an excessive sentence, and to the extent that the State has confessed error, we agree. The State concedes that the seven-year minimum mandatory term imposed by the trial court was not authorized by section 893.135(l)(b)l.b., Florida Statutes (1995), as that statute did not include a minimum mandatory term at the time Laurore committed her offense on April 14, 1996. We therefore remand for the limited purpose of correcting Laurore’s final sentence and instruct the trial court to delete the seven-year minimum mandatory portion of the defendant’s sentence. It is not necessary
 
 *1289
 
 for Laurore to be present at this correction of sentence.
 

 Affirmed in part, reversed and remanded in part.