PER CURIAM.
 

 Wesley Jay Farrar appeals from his resentencing on charges of burglary of
 
 *266
 
 a dwelling with an assault, reclassified to a life felony,
 
 [1]
 
 and sexual battery with use of actual physical force likely to cause serious personal injury, a life felony,
 
 [2]
 
 for offenses he committed on September 22, 1990. Farrar pled to the charges on May 21, 2008. He was originally given the sentences he negotiated with the State — concurrent sentences of forty years in prison, followed by ten years of sex offender probation. Resentencing was prompted by Farrar’s motion to correct an illegal sentence, in which he argued that the statute covering life felonies at the time of his offenses provided for a sentence of natural life or a term-of-years sentence not to exceed forty years. The State conceded error based on
 
 Ward v. State,
 
 558 So.2d 166 (Fla. 1st DCA 1990). On resentenc-ing, the trial court accomplished the same sentencing goal by imposing a forty-year prison sentence on the first charge, and a consecutive ten-year prison sentence on the second charge. We affirm the sentences.
 
 See, e.g., Everett v. State,
 
 824 So.2d 211 (Fla. 1st DCA 2002) (recognizing that a trial court may impose consecutive sentences after vacating concurrent sentences in response to a motion to correct illegal sentence, in order to effect the intent of the original sentencing court, as long as the newly-imposed sentences are no longer than the original sentences).
 

 After imposition of the sentences below, Farrar also filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), in which he attempted to raise double jeopardy and statute of limitations challenges to one of the charges. The motion was denied, and Farrar makes the same arguments on appeal. We do not believe that these challenges to Farrar’s underlying convictions are cognizable in a rule 3.800(b)(2) motion.
 
 See Rodriguez v. State,
 
 958 So.2d 469 (Fla. 2d DCA 2007) (holding trial court properly denied defendant relief under rule 3.800(b)(2) where defendant attempted to attack his conviction, rather than his sentence, with a double jeopardy argument);
 
 Echeverria v. State,
 
 949 So.2d 331 (Fla. 1st DCA 2007) (holding trial court properly denied relief under rule 3.800(b)(2) where defendant attempted to attack his convictions, rather than his sentences, with argument that defense counsel was ineffective for failing to advise him of, or raise before the court, meritorious statute of limitations defenses). As such, the rule 3.800(b)(2) motion was properly denied.
 

 Even if we were to reach the substance of these arguments, however, we find no merit in them. Statutes of limitations on crimes are not jurisdictional, and may be waived.
 
 E.g., Doyle v. State,
 
 783 So.2d 295 (Fla. 1st DCA),
 
 rev. denied,
 
 796 So.2d 536 (Fla.2001). In entering his 2008 pleas, Farrar
 
 expressly
 
 waived any statute of limitations defense in this case. Farrar also waived any double jeopardy claim by entering into his bargained-for plea agreement, which the record reflects that he knowingly and voluntarily did to avoid a life sentence.
 
 See, e.g., Melvin v. State,
 
 645 So.2d 448 (Fla.1994);
 
 Novaton v. State,
 
 634 So.2d 607 (Fla.1994);
 
 Laurore v. State,
 
 3 So.3d 1286 (Fla. 3d DCA 2009);
 
 Mandelbaum v. State,
 
 676 So.2d 510 (Fla. 4th DCA 1996).
 

 AFFIRMED.
 

 MONACO, C.J., SAWAYA and LAWSON, JJ., concur.
 

 [1]
 

 . §§ 810.02(2)(a), 775.087(1), Fla. Stat. (1990).
 

 [2]
 

 .
 
 § 794.011(3), Fla. Stat. (1990).