PER CURIAM.
 

 Johnnie E. Thompson appeals his judgment of conviction and sentence for sale of a controlled substance and possession of a controlled substance with intent to sell or deliver. We affirm the judgment of conviction but vacate the sentence as corrected.
 

 Upon a verdict of guilt, appellant was sentenced on count I, sale of a controlled substance, to 30 years as a habitual felony offender. For count II, possession with intent to sell or deliver, appellant was also sentenced to 30 years as a habitual felony offender. These sentences were ordered to be served concurrently. Appellate counsel filed a motion to correct sentence, pursuant to rule 3.800(b)(2), Florida Rules of Criminal Procedure, asserting appellant could not be sentenced as a habitual felony offender as to count II. The trial court agreed and resentenced appellant to 15 years on count II. However, the corrected scoresheet provided that count II was to
 
 *1133
 
 be served consecutively to count I, not concurrently. It is not apparent from this record whether the order that the sentences be served consecutively was an unintended error or not, but this sentence cannot stand. As this court has explained, a trial court, on resentencing pursuant to a motion to correct an illegal sentence, may “impose consecutive sentences in order to effect the intent of the original sentencing court, as long as the newly imposed sentence [is] not longer than the originally imposed sentence.”
 
 Everett v. State,
 
 824 So.2d 211, 213 (Fla. 1st DCA 2002);
 
 see also Farrar v. State,
 
 42 So.3d 265 (Fla. 5th DCA 2010). Here, the total sentence imposed under the new sentencing scheme is 45 years, whereas the originally imposed sentence provided for a total sentence of 30 years. Accordingly, the order of January 12, 2011, resentencing appellant to a 15-year term consecutive to count I is vacated, and the cause is remanded to the trial court for entry of a corrected sentence consistent with this opinion.
 

 Appellant was directed to file a supplemental brief addressing the sentencing issue discussed infra. In the supplement brief, appellant argued that his convictions were unconstitutional and urged this court to adopt the reasoning of
 
 Shelton v. Secretary, Department of Corrections,
 
 802 F.Supp.2d 1289, 2011 WL 3236040 (M.D.Fla.2011). For the reasons explained in
 
 Flagg v. State,
 
 74 So.3d 138 (Fla. 1st DCA 2011), we reject the reasoning and holding in
 
 Shelton.
 

 AFFIRMED in part, REVERSED in part and REMANDED for entry of a corrected sentence.
 

 VAN NORTWICK, PADOVANO, and HAWKES, JJ., concur.