WARNER, J.,
concurring specially.
I concur in the majority opinion. The facts in the probable cause affidavit show only innocent conduct with respect to the house sought to be searched, even considering them in the totality of the circumstances: 1) a wood fence around an air conditioning unit; 2) humming noise; 3) light sensors on the outside; and 4) windows covered with window treatments. In addition, the residence displayed “erratic/abnormal patterns” of electrical use (not higher than normal), whatever that means. These same features could describe many homes in South Florida. Even combined with the fact that an individual who was known to have his own grow house used the resident’s truck and was seen frequently at the home, this does not provide probable cause to believe that illegal activity was going on inside of this residence.
Most other cases involving search warrants of homes suspected of growing marijuana involve situations where officers either observed a defendant with growing equipment, see, e.g., Prado v. State, 306 Ga.App. 240, 701 S.E.2d 871 (2011), or more frequently the smell of marijuana emanating from the residence. See, e.g., Nieminski v. State, 60 So.3d 521 (Fla. 2d DCA 2011); State v. Arango, 9 So.3d 1251 (Fla. 3d DCA 2009); Rodriguez v. State, 958 So.2d 469 (Fla. 2d DCA 2007). Here there were none of these observations, and while there is no mandatory requirement that the officers smell marijuana, the state has not cited to us cases with similar facts to these where the search warrant has been upheld.
As Judge Ehrlich notes, the questions she asks in her opinion are not requirements, and no issuing magistrate should deny a search warrant for a marijuana grow house simply because it doesn’t answer each question pointed out in the opinion. The majority analysis does provide a useful example, however, of the type of thought process an issuing magistrate should engage in to determine whether the affidavit is sufficient, where the facts on which it relies are so meager as they are in this particular case.